UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH S. SAPINSKY,

                Plaintiff,

     v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C14-5627 BHS

ORDER REVERSING AND
REMANDING

## I. BASIC DATA

Type of Benefits Sought:

    ( X ) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 33 at alleged onset date.

Principal Disabilities Alleged by Plaintiff: Major Depressive Disorder, recurrent, moderate to severe; Generalized Anxiety Disorder; Specific Phobia; Schizoid Personality Disorder

Disability Allegedly Began: January 1, 2001

Principal Previous Work Experience: Air Force Pilot

Education Level Achieved by Plaintiff: Graduate from Air Force Academy

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ :

Date of Hearing: August 28, 2012

Date of Decision: September 7, 2012

Appears in Record at: AR 106–120

Summary of Decision:

  Claimant last met the insured status requirement of the Social Security Act on December 31, 2004.
  Claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2001 through his date last insured of December 31, 2004.
  Through the date last insured there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.

Before Appeals Council:

Date of Decision:  June 17, 2014

Appears in Record at: AR 1–6

Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by ( X ) Plaintiff   ( X ) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

1  1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than

2  a preponderance, and is such relevant evidence as a reasonable mind might accept as

3  adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

4  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

5  determining credibility, resolving conflicts in medical testimony, and resolving any other

6  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

7  While the Court is required to examine the record as a whole, it may neither reweigh the

8  evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278

9  F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

10  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

11  must be upheld."  *Id.*

12  ## V. EVALUATING DISABILITY

13  The claimant, Joseph Sapinsky ("Sapinsky"), bears the burden of proving he is

14  disabled within the meaning of the Social Security Act ("Act").  *Meanel v. Apfel*, 172

15  F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in

16  any substantial gainful activity" due to a physical or mental impairment which has lasted,

17  or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C.

18  §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if her

19  impairments are of such severity that she is unable to do her previous work, and cannot,

20  considering her age, education, and work experience, engage in any other substantial

21  gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also*

22  *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

1    The Commissioner has established a five-step sequential evaluation process for

2    determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

3    §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through

4    four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At

5    step five, the burden shifts to the Commissioner.  *Id.*

6                                    **VI. ISSUES ON APPEAL**

7        1.    Did the ALJ error in failing to determine whether Sapinsky has a medically
               determinable impairment?
8
         2.    Was the error harmful?
9
         3.    Should the Court remand for further proceedings or for a calculation of
10              benefits?

11                                      **VII. DISCUSSION**

12        "The claimant has the burden of proving that he became disabled prior to the

13   expiration of his disability insured status."  *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir.

14   1996) (citing *Flaten v. Secretary of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir.

15   1995)).  The Ninth Circuit has held that if the "medical evidence is not definite

16   concerning the onset date and medical inferences need to be made, SSR 83-20 requires

17   the ALJ to call upon the services of a medical advisor and to obtain all evidence which is

18   available to make the determination."  *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir.

19   1991); *see also Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th

20   Cir. 1998) ("where a record is ambiguous as to the onset date of disability, the ALJ must

21   call a medical expert to assist in determining the onset date"); *Morgan v. Sullivan*, 945

22

1    F.2d 1079, 1083 (9th Cir. 1991) (inferring a disability onset date "is not possible without

2    the assistance of a medical expert").

3        In this case, the ALJ concluded that Sapinsky failed to show the "existence of a

4    medically determinable impairment through the date of last insured."  AR 115.  It is

5    undisputed that the date of last insured was December 31, 2004.  The parties, however,

6    dispute whether the ALJ must first assess whether Sapinsky is disabled and then

7    determine the onset date of the disability.  On this issue, the Court agrees with Sapinsky.

8    While the parties fail to cite, and the Court is unaware of, any Ninth Circuit authority that

9    directly addresses this issue, one can infer from cases addressing similar issues that a

10    determination of a disability must precede a determination of the onset date.  For

11    example, in *Sam v. Astrue*, 550 F.3d 808 (9th Cir. 2008), the Ninth Circuit states that

12    "[b]ecause the ALJ found that Sam was not disabled '*at any time* through the date of [the]

13    decision' (emphasis added), the question of when he became disabled did not arise . . . ."

14    *Id*. at 810 (citing *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004)).  Moreover, in

15    *Scheck*, the Seventh Circuit first addressed whether the claimant was disabled and then

16    addressed whether the ALJ correctly assessed the onset date.  *Id*. at 700–701.  Therefore,

17    the Court concludes that the ALJ erred by failing to assess whether Sapinsky has a

18    medically determinable impairment.

19        The next issue is whether the error was harmful.  Although the Commissioner

20    makes passing references to harmful error, she fails to provide any argument that the

21    error was harmless.  Moreover, the ALJ's error occurred at step two of the process and

22

1  could have undermined the ultimate conclusion.  Therefore, the Court finds that the error

2  was harmful.

3       The final issue is whether the Court should remand for further proceedings or

4  whether, as Sapinsky requests, the Court should remand for calculation and payment of

5  benefits.  Based on the record, the Court is unable to assess Sapinsky on the final three

6  steps of the sequential process.  Therefore, the Court remands the matter for further

7  proceedings consistent with this order.

8                              **VIII. ORDER**

9       Therefore, it is hereby **ORDERED** that the Commissioner's final decision

10  denying Sapinsky disability benefits is **REVERSED** and the matter is **REMANDED** for

11  further proceedings.

12       Dated this 4th day of March, 2015.

13

14

15                              BENJAMIN H. SETTLE
                                United States District Judge

16

17

18

19

20

21

22